**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CRIMINAL NUMBER 17-148** |
| | : | |
| | : | |
| **NATHANIEL PAGAN** | : | |

**MEMORANDUM**

**Perez, J.**                                                                                           **June 22, 2026**

Defendant Nathaniel Pagan moves pro se for a reduction of sentence under 18 U.S.C. §

3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. ECF No. 54. The

Government opposes the motion. ECF No. 55. Although Amendment 821 lowers Pagan's advisory

Guidelines range, a sentence reduction is discretionary. After considering the amended range,

Pagan's submissions, his post-sentencing conduct, and the factors set forth in 18 U.S.C. § 3553(a),

the Court will deny the motion.

## I.    BACKGROUND

In 2018, Pagan pleaded guilty to three counts of sex trafficking by force, fraud, or coercion,

in violation of 18 U.S.C. §§ 1591(a), (b)(1), and 1594. *See* ECF Nos. 54 and 55. The charges arose

from Pagan's conduct in 2016, when he was eighteen years old. According to the Presentence

Investigation Report, Pagan operated as a violent pimp who used threats, violence, confinement,

and manipulation to force women to engage in commercial sex acts for his financial benefit. PSR

¶¶ 12, 18, 21.

The offense conduct was extraordinarily serious. Pagan kept multiple victims under his

control for extended periods, forced them to engage in prostitution, took the proceeds, and beat

them when they resisted or attempted to leave. One victim reported that Pagan whipped her with electrical cords and shot her at close range with a BB gun, leaving visible scars. PSR ¶ 18. Another victim testified at sentencing about the lasting harm Pagan caused. The PSR also described violence against a minor girl, who reported that Pagan hit her, whipped her with cords, shot her with a BB gun, and forced her to participate in the abuse of another victim. *Id.* ¶ 21. The record further reflects that Pagan enlisted his two juvenile brothers to "supervise the victims in his absence." *Id.* ¶ 12.

The parties entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), agreeing that an appropriate sentence would fall within the range of 180 to 228 months' imprisonment. ECF No. 28. At sentencing, the Court adopted the PSR's Guidelines calculation: total offense level 37, criminal history category II, and an advisory range of 235 to 293 months. ECF No. 52 (Sent. Tr.) at 4; PSR ¶ 62. The Court accepted the Rule 11(c)(1)(C) agreement and imposed a sentence of 228 months' imprisonment, followed by twenty years of supervised release. ECF No. 41.

In imposing that sentence, Judge Smith expressly considered Pagan's age, his traumatic childhood, his guilty plea, his acceptance of responsibility, and his prospects for rehabilitation. ECF No. 52 at 26-31. Judge Smith also emphasized the "almost unspeakable" nature of the conduct, the terror inflicted on the victims, and the need for a sentence that reflected the seriousness of the offenses. *Id*. After weighing the mitigating and aggravating circumstances, Judge Smith selected the top of the agreed-upon range: 228 months. *Id*. at 31.

Pagan now seeks a sentence reduction under Amendment 821. He emphasizes that he was eighteen at the time of the offenses, that emerging adults are less mature than older adults, that he had a difficult and abusive childhood, and that he has made rehabilitative efforts in custody. His

submissions include certificates and records showing completion of educational and vocational programming, including a GED, Adult Continuing Education courses, custodial technician programming, drug abuse education, and suicide-watch companion training. ECF No. 54. He also states that he is waitlisted for additional programming. *Id*.

## II.    LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(2) creates a limited exception for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if a reduction is consistent with the Sentencing Commission's applicable policy statements and the Court considers the § 3553(a) factors. *Id*. The Supreme Court has instructed courts to apply a two-step inquiry. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). At step one, the Court determines whether the defendant is eligible for a reduction and the extent of any reduction authorized under U.S.S.G. § 1B1.10. *Id*. At step two, the Court determines, in its discretion, whether a reduction is warranted after considering the applicable § 3553(a) factors and the Commission's policy statements. *Id*.; United States v. Styer, 573 F.3d 151, 153-55 (3d Cir. 2009). A § 3582(c)(2) proceeding is not a plenary resentencing, and eligibility for a reduction does not entitle a defendant to a reduced sentence. Dillon, 560 U.S. at 825-27; U.S.S.G. § 1B1.10(a)(3).

In exercising its discretion, the Court may consider the nature and circumstances of the offense, the defendant's history and characteristics, the need for the sentence imposed to reflect the seriousness of the offense, just punishment, deterrence, protection of the public, and rehabilitation. 18 U.S.C. § 3553(a). The Court also must consider public-safety concerns and may consider post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. n.1(B).

### III.   DISCUSSION

**A. Pagan is eligible for consideration of a reduction, but the authorized reduction is limited.**

Amendment 821 does not assist Pagan through the zero-point offender provision in U.S.S.G. § 4C1.1. Pagan was not a zero-point offender; he received one criminal history point for a juvenile adjudication. PSR ¶ 63. In any event, § 4C1.1 would not apply because the offense involved violence and credible threats of violence and was a sex offense. See U.S.S.G. § 4C1.1(a)(1), (a)(3), (a)(5).

Amendment 821 does, however, affect Pagan's criminal history score through the amendment to the "status points" provision. At the original sentencing, Pagan received two status points because he committed the instant offenses while under a criminal justice sentence, resulting in three total criminal history points and criminal history category II. Under amended § 4A1.1(e), because Pagan otherwise had fewer than seven criminal history points, he receives no status points. His criminal history score is therefore one, placing him in criminal history category I.

With total offense level 37 and criminal history category I, Pagan's amended Guidelines range is 210 to 262 months. His current 228-month sentence falls within that amended range. Because the sentence remains above the bottom of the amended range, the Court has authority to reduce the sentence, but not below 210 months. See U.S.S.G. § 1B1.10(b)(2)(A). The question is whether, in the Court's discretion, any reduction is warranted. It is not.

**B. The § 3553(a) factors do not support a reduction.**

After considering the § 3553(a) factors, the Court concludes that the original 228-month sentence remains sufficient but not greater than necessary to accomplish the purposes of sentencing.

First, the nature and circumstances of the offenses weigh strongly against a reduction. Pagan's crimes were not isolated, impulsive, or nonviolent. Over a period of months, he controlled and exploited multiple victims through violence, threats, confinement, and humiliation. The conduct included repeated physical abuse, use of electrical cords and a BB gun, forced prostitution, and the appropriation of victims' earnings. Further, Pagan conscripted his juvenile siblings to act on his behalf, "supervis[ing] the victims in his absence." The sentence must continue to reflect the seriousness of that conduct, promote respect for the law, provide just punishment, and account for the severe harm inflicted on the victims.

Second, Pagan's age and difficult childhood do not justify a reduction now. Those mitigating facts were known at sentencing and were expressly considered. Judge Smith acknowledged that Pagan was very young, that he had endured a chaotic and abusive upbringing, that he had accepted responsibility by pleading guilty, and that he could still use his time in custody to rehabilitate himself. Sent. Tr. 26-31. After considering those points, however, Judge Smith determined that the maximum sentence permitted by the Rule 11(c)(1)(C) agreement was necessary. Pagan's present motion largely asks the Court to reweigh those same factors. Section 3582(c)(2) does not authorize a plenary resentencing, and the Court finds no basis to disturb Judge Smith's careful balancing of those considerations.

Third, the need to protect the public and deter future criminal conduct continues to weigh against a reduction. Pagan's offenses involved sustained coercive control and repeated violence against vulnerable victims. That conduct presents serious public safety concerns. The Court has also considered Pagan's institutional record. Pagan's educational achievements and program participation are positive and deserve recognition. However, the record also reflects multiple disciplinary infractions while in custody, including assaults without serious injury and possession

of drugs or alcohol, including a 2025 buprenorphine infraction. Those infractions do not erase Pagan's progress, but they undercut his argument that post-sentencing conduct warrants a lower sentence.

Fourth, the current sentence remains consistent with the amended Guidelines. Pagan's 228-month sentence is within the amended range of 210 to 262 months. The amendment to the status-points rule changes the advisory range, but it does not alter the underlying offense conduct, the harm to the victims, or the sentencing court's reasons for selecting the top of the agreed-upon range. Nor does the denial of a reduction constitute an upward variance from the amended Guidelines range. A § 3582(c)(2) proceeding does not impose a new sentence; it asks whether a previously imposed sentence should be reduced in light of a retroactive amendment and the § 3553(a) factors. See Dillon, 560 U.S. at 827; Styer, 573 F.3d at 154-55.

The Court has considered Pagan's youth at the time of the offenses, his background, his acceptance of responsibility, his rehabilitative efforts, the amended Guidelines range, and all other arguments raised in his motion. The Court also has considered the seriousness of the offenses, the lasting harm to the victims, the need for just punishment and deterrence, and public-safety concerns. On balance, a reduction is not warranted.

## IV.    CONCLUSION

Pagan is eligible for consideration of a sentence reduction under Amendment 821 because the amendment lowers his advisory Guidelines range from 235 to 293 months to 210 to 262 months. However, eligibility is not entitlement. After considering the applicable § 3553(a) factors, the Court concludes that the original 228-month sentence remains appropriate. Pagan's motion for reduction of sentence will be denied.